**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHELLE GOUGH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No.** |
| | ) | |
| **ROUND LAKE AREA SCHOOLS** | ) | |
| **COMMUNITY UNIT SCHOOL** | ) | |
| **DISTRICT #116, and individuals** | ) | |
| **CONSTANCE COLLINS, Ph.D. and** | ) | |
| **JERRI RYAN,** | ) | |
| | ) | |
| **Defendants.** | ) | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff Michelle Gough, by her attorneys Favaro & Gorman, Ltd., pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("MWL"), brings this action against her former employer, defendant Round Lake Area Schools Community Unit School District #116, and its agents, individual defendants Constance Collins, Ph.D., and Jerri Ryan, for their failure to pay Gough overtime pay and for their retaliation against her when she demanded her overtime pay.

### Jurisdiction and Venue

1.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1367 (supplemental jurisdiction); and 29 U.S.C. § 216(b) (FLSA).

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally); and 29 U.S.C. § 216(b) (FLSA).

### Parties

3.      Plaintiff Gough was employed by defendant District #116 as an executive assistant to its superintendent.

4.      Defendant District #116 administers the public elementary, middle and high schools in the Round Lake, Illinois area.

5.      Defendant Collins is the District's superintendent of schools.

6.      Defendant Ryan is the District's associate director of human resources.

**The District Constantly Made Gough Work Overtime Without Paying Her For It.**

7.      On January 12, 2015, Gough and the District entered into a written employment agreement which provided that Gough would be compensated with a fixed salary for the remainder of the 2014-15 school year.

8.      District #116 classified Gough's position, titled "Executive Assistant," as an "Administrative Assistant (Superintendent's Office)" in its "Job Classification Description."

9.      The job classification description identifies Gough's position as "FLSA DESIGNATION: NON-EXEMPT," meaning that the job is subject to federal and state overtime pay requirements.

10.     Gough began working as Collins' executive assistant on January 26, 2015.

11.     During her first two months at District #116, Gough consistently worked 45 hours per week.

12.     Gough's hours increased the first week of March 2015, during which she worked 65 hours.

13.     Gough asked Ryan for help.  Ryan responded that Gough just needed to get her work done.

14.     From that point forward, Gough consistently worked 55 to 65 hours per week.

15.     In April, 2015, Gough complained to Ryan, saying, "I didn't sign up for this," and demanded that she be paid for her overtime.

2

## The District Did Not Want To Hear Demands For Overtime Pay.

16.     After Gough demanded overtime pay, Ryan, who is a licensed Illinois attorney,

inserted a provision in Gough's 2015-16 contract which states:

> **4.     Unilateral Termination by the Executive Assistant.**   In the event the
> Executive Assistant resigns from her position with an effective date prior to June
> 30, 2016, it would cause the Board inconvenience, expense and damages that are
> of a nature which are difficult for the parties to quantify.  The Board and the
> Executive Assistant therefore agree that, in the event the Executive Assistant
> resigns from her position with the Board during the term of this Agreement, the
> Executive Assistant shall pay to the Board, as liquidated damages and not as a
> penalty, Five Thousand Dollars ($5,000.00). This amount shall be paid to the
> Board within sixty (60) days from the day the Executive Assistant's resignation is
> approved by the Board.

Gough's 2014-15 contract had no such provision.

17.     The addition of the liquidated damages clause was reviewed and approved by

Collins in May, 2015, before it was given to Gough to sign on June 3, 2015. The new contract

became effective June 15, 2015.

18.     Gough continued to work 55 to 65 hours per week for the remainder of her tenure

at District #116. The only week she did not work more than 40 hours was when she squeezed in

a three-day vacation. On that occasion she took a trip to Tennessee to visit family, and she spent

the entire time typing memos.

19.     From March until November, 2015, Gough regularly complained to Ryan that she

should be paid overtime.  Ryan told Gough that she had advised Collins of Gough's complaints.

## Gough Resigned And Defendants Punished Her.

20.     Gough decided that her hours were too long and that she was not being paid fairly

or in accordance with the law, so she gave the District one month's notice that she was resigning

effective April 15, 2016.

21.     The District retaliated. Ryan emailed Gough on April 13, 2016, that "In preparing to present your resignation to the Board we need to address the $5000 liquidated damages clause for leaving the District prior to the expiration of your employment contract." Ryan copied Collins on the email.

22.     A week later, April 20, 2016, one of the District's human resource representatives wrote to Gough, stating in relevant part, "Since you resigned your position with an effective date prior June 30, 2016, you are required to pay the liquidated damages amount to the District by June 17, 2016."

23.     The District kept up its harassment. On June 22, 2016, an assistant superintendent wrote to Gough, citing her 2015-16 contract, and demanded "immediate payment" of $5,000. The letter threatened "any and all legal actions necessary to recover the amounts owed, including, but not limited to, filing a complaint in Small Claims Court for breach of contract." Collins and Ryan were copied on the letter.

24.     Understandably, the harassment by the District, Collins and Ryan has caused Gough a tremendous amount of consternation and stress.

### Count 1 – Against District #116
### FLSA Overtime Pay

25.     Paragraphs 1 through 24 are incorporated by reference.

26.     The District is an employer, and Gough was the District's employee, as defined in the FLSA. 29 U.S.C. § 203(d).

27.     The FLSA requires an employer to pay overtime pay to a covered employee for each hour worked in excess of 40 hours per week, at the rate of one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1).

28. The District never paid Gough more than her weekly salary, despite the extreme number of overtime hours the District demanded of her.

29. The District violated the FLSA by failing to pay her for her overtime.

30. Gough suffered damages in the form of lost wages as the direct result of the District's violation of the FLSA.

**Count 2 – Against Constance Collins**
**FLSA Overtime Pay**

31. Paragraphs 1 through 30 are incorporated by reference.

32. The FLSA includes in its definition of "employer," "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

33. Collins, as superintendent of the District, participated in the decision not pay overtime to Gough by approving Gough's employment agreement, permitting Gough to work a significant number of overtime hours without paying her for them, and for not arranging for paying overtime pay to Gough in response to her complaints.

34. Collins was Gough's employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

35. Collins' failure to pay Gough overtime violated the FLSA.

36. Gough suffered damages in the form of lost compensation as the direct result of Collins' violation of the FLSA.

**Count 3 – Against Jerri Ryan**
**FLSA Overtime Pay**

37. Paragraphs 1 through 30 are incorporated by reference.

38. The FLSA includes in its definition of "employer," "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

39.     Ryan, as the district's associate director of human resources, participated in the decision to not pay overtime to Gough by approving Gough's employment agreement, permitting Gough to work a significant number of overtime hours without paying her for them, and for not arranging for paying overtime pay to Gough in response to her complaints.

40.     Ryan was Gough's employer within the meaning of the FLSA. 29 U.S.C. § 203(d).

41.     Ryan's failure to pay Gough overtime violated the FLSA.

42.     Gough suffered damages in the form of lost compensation as the direct result of Ryan's violation of the FLSA.

**Count 4 – Against District #116**
**MWL Overtime Pay**

43.     Paragraphs 1 through 24 are incorporated by reference.

44.     The District is an employer, and Gough was the District's employee, as defined in the MWL. 820 ILCS 105/3(c).

45.     The MWL requires an employer to pay overtime pay to a covered employee for each hour worked in excess of 40 hours per week, at the rate of one and one-half times the employee's regular rate of pay.

46.     The District never paid Gough more than her weekly salary, despite the extreme number of overtime hours the District demanded of her.

47.     The District violated the MWL by failing to pay her for her overtime.

48.     Gough suffered damages in the form of lost wages as the direct result of the District's violation of the MWL.

## Count 5 – Against Constance Collins
## MWL Overtime Pay

49.   Paragraphs 43 through 48 are incorporated by reference.

50.   The MWL includes a person acting directly or indirectly in the interest of an employer in relation to an employee, in its definition of "employer." 29 U.S.C. § 203(d).

51.   Collins, as superintendent of the District, participated in the decision not pay overtime to Gough by approving Gough's employment agreement, permitting Gough to work a significant number of overtime hours without paying her for them, and for not arranging for paying overtime pay to Gough in response to her complaints.

52.   Collins was Gough's employer within the meaning of the MWL.

53.   Collins' failure to pay Gough overtime violated the MWL.

54.   Gough suffered damages in the form of lost compensation as the direct result of Collins' violation of the MWL.

## Count 6 – Against Jerri Ryan
## MWL Overtime Pay

55.   Paragraphs 43 through 48 are incorporated by reference.

56.   The MWL includes a person acting directly or indirectly in the interest of an employer in relation to an employee, in its definition of "employer." 820 ILCS 105/3(c).

57.   Ryan, as the district's associate director of human resources, participated in the decision to not pay overtime to Gough by approving Gough's employment agreement, permitting Gough to work a significant number of overtime hours without paying her for them, and for not arranging for paying overtime pay to Gough in response to her complaints.

58.   Ryan was Gough's employer within the meaning of the MWL.

59.   Ryan's failure to pay Gough overtime violated the MWL.

60.     Gough suffered damages in the form of lost compensation as the direct result of Ryan's violation of the MWL.

### Count 7 – Against District #116
### FLSA Retaliation

61.     Paragraphs 1 through 24 are incorporated by reference.

62.     It is a violation of the FLSA for an employer to retaliate against an employee who makes a demand for wages that she is owed pursuant to that Act. 29 U.S.C. § 215(a)(3).

63.     The District, by its agents Collins and Ryan, retaliated against Gough for her repeated demands for overtime pay by:

        a.      inserting a liquidated damages clause in Gough's 2015-16 renewal contract; and

        b.      repeatedly harassing her by demanding payment pursuant to the illegal liquidated damages clause.

64.     The District's retaliation against Gough violated the FLSA.

65.     The District's illegal retaliation directly caused injury to Gough in the form of emotional distress.

66.     The District's illegal retaliation against Gough was willful.

### Count 8 – Against Constance Collins
### FLSA Retaliation

67.     Paragraphs 61 through 66 are incorporated by reference.

68.      The FLSA includes in its definition of "employer," "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

69.     Collins was Gough's employer within the meaning of the FLSA.

70.     Collins retaliated against Gough for her repeated demands for overtime pay by:

      a.     inserting a  liquidated damages clause in Gough's 2015-16 renewal contract; and

      b.     repeatedly harassing her by demanding payment pursuant to the illegal liquidated damages clause.

71.     Collins' retaliation against Gough violated the FLSA. 29 U.S.C. § 215(a)(3).

72.      Collins' illegal retaliation directly caused injury to Gough in the form of emotional distress.

73.     Collins' illegal retaliation against Gough was willful.

### Count 9 – Against Jerri Ryan
### FLSA Retaliation

74.     Paragraphs 61 through 66 are incorporated by reference.

75.      The FLSA includes in its definition of "employer," "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

76.     Ryan was Gough's employer within the meaning of the FLSA.

77.     Ryan retaliated against Gough for her repeated demands for overtime pay by:

      a.     inserting a liquidated damages clause in Gough's 2015-16 renewal contract; and

      b.     repeatedly harassing her by demanding payment pursuant to the illegal liquidated damages clause.

78.     Ryan's retaliation against Gough violated the FLSA.

79.     Ryan's illegal retaliation directly caused injury to Gough in the form of emotional distress.

80.     Ryan's illegal retaliation against Gough was willful.

Wherefore, plaintiff Michelle Gough requests judgment in her favor against defendants Round Lake Area Schools Community Unit School District #116, Constance Collins, Ph.D., and Jerri Ryan, awarding Gough:

A.     Damages for unpaid overtime pay in excess of $30,000;

B.     FLSA liquidated damages in excess of $30,000;

C.     MWL interest at the rate of two percent per month from the dates Gough's unpaid overtime payments were due;

D.     Damages for emotional distress in the amount of $50,000;

E.     Punitive damages in the amount of $250,000;

F.     A declaration that the liquidated damages provision in Gough's 2015-16 contract constituted illegal retaliation in violation of the FLSA;

G.     A declaration that the District's liquidated damages provision in Gough's 2015-16 contract is illegal and therefore unenforceable;

H.     An order directing defendants to cease and desist their collection efforts;

I.     Her reasonable attorneys' fees; and

J.     Her litigation expenses and costs.

## **JURY DEMAND**

Plaintiff Michelle Gough requests a trial by jury.


*s/ Andrew H. Haber*

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patrick J. Gorman
*pgorman@favarogorman.com*
Andrew H. Haber
*ahaber@favarogorman.com*
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060